UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, : <br> *ex rel.* : <br> BRADY FOLLIARD : <br> 10812 Avonlea Ridge Place : <br> Damascus, Maryland 20872 : <br> : <br> BRINGING THIS ACTION ON : <br> BEHALF OF THE UNITED STATES : <br> OF AMERICA : <br> c/o Kenneth L. Wainstein, Esquire : <br> U.S. Attorney for the District of Columbia : <br> 555 4th Street, N. W. : <br> Washington, D. C. 20001 : <br> : <br> and : <br> : <br> c/o Peter D. Keisler, Esquire, Acting <br> Attorney General of the United States <br> Department of Justice <br> 10th & Constitution Avenue, N. W. <br> Washington, D. C. 20530 <br> <br> Plaintiff : <br> : <br> v. : <br> : <br> CDW TECHNOLOGY SERVICES, INC. : <br> 200 N. Milwaukee : <br> Vernon Hills, Illinois 60061 : <br> Serve: Registered Agent : <br>     C.T. Corporation System : <br>     208 South LaSalle Street : <br>     Suite 814 : <br>     Chicago, Illinois 60604 : | CIVIL ACTION NO. <br><br> FILED UNDER SEAL <br><br> COMPLAINT FOR VIOLATIONS <br> OF FEDERAL FALSE CLAIMS ACT <br><br> JURY TRIAL DEMAND <br><br><br> Case: 1:07-cv-02009 <br> Assigned To : Bates, John D. <br> Assign. Date : 11/6/2007 <br> Description: General Civil |

## COMPLAINT

1. This is an action to recover damages and civil penalties on behalf of the

United States of America arising from the false claims made by CDW Technology Services,

Inc. (hereinafter Defendant), in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended.

2. The False Claims Act (hereinafter the Act), originally enacted in 1863 during the Civil War, was substantially amended by the False Claims Amendments Act of 1986 and signed into law on October 17, 1986. Congress enacted these amendments to enhance the Government's ability to recover losses sustained as a result of fraud against the United States and to provide a private cause of action for the protection of employees who act in furtherance of the purposes of the Act. Congress acted after finding that fraud in federal programs and procurement is pervasive and that the Act, which Congress characterized as the primary tool for combating fraud in government contracting, was in need of modernization.

3. The Act provides for any person who knowingly submits a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government, including attorneys' fees. The Act allows any person having information regarding a false or fraudulent claim against the Government to bring a private cause of action for himself and on behalf of the Government and to share in any recovery. The complaint is to be filed under seal for sixty days (without service on the Defendants during such sixty-day period) to enable the Government (a) to conduct its own investigation without the Defendants' knowledge, and (b) to determine whether to join the action.

4. Based on these provisions, Plaintiff/Relator, Brady Folliard, seeks to recover

damages and civil penalties arising from Defendant's presentation of false claims to the United States Government in connection with the improper pricing and the selling of non-compliant products to the United States Government.

5. Plaintiff Folliard has direct and independent knowledge of the following conduct that violated the False Claims Act because the defendant is selling products to the United States Government that did not originate in designated countries under the Trade Agreements Act, and therefore is presenting false claims to the United States Government for payment.

**PARTIES**

6. Plaintiff Folliard is a resident of Damascus, Maryland. At all times relevant herein, he has worked as a Strategic Account Executive for Insight Public Sector, selling information technology products and services to federal government agencies in Washington, D.C., Maryland and Virginia. In this capacity, he gained direct and independent knowledge of the allegations contained in this Complaint.

7. Defendant CDW Technology Services, Inc. (hereinafter CDW), is a corporation with headquarters in Vernon Hills, Illinois that provides information and technology products and services to government and non-government customers. At all times relevant herein, CDW has sold information and technology products and services to the United States Government under a General Services Administration (GSA) Multiple Awards Schedule and under SEWP Contracts and, as such, has agreed to comply with the Trade Agreement Act clauses, that prohibit the sale of goods to the United States that originate in non-compliant countries.

## BACKGROUND RESPECTING VIOLATIONS
## OF THE TRADE AGREEMENT ACT

8. Plaintiff Folliard is a Strategic Account Executive employed by Insight Public Sector, 1901 Research Boulevard, Rockville, Maryland. In this capacity he sells information technology products, services, and systems to federal agencies.

9. Insight Public Sector is one of several companies that provides this service. In the industry, Insight Public Sector is known as a "VAR", which stands for "Value Added Reseller".

10. Value Added Resellers are businesses that combine, configure and sell computer products manufactured by other companies in specifically designed configurations to meet the needs of their customers. Value Added Resellers do not manufacture any product.

11. Essentially, Value Added Resellers are middle-men in the supply chain between the technology manufacturers and their ultimate customers.

12. Value Added Resellers make their profits on the difference between the discount cost of product to them and the marked-up price paid by the ultimate customer.

13. Both the manufacturer and the ultimate customer benefit from the presence of the VAR.

14. Defendant CDW , thorugh its wholly owned subsidiary CDW-G, has had contracts to sell information technology products under the SEWP procurement contract for several years. In 2004 CDW-G acquired the assets of T3 Corporation, including its

SEWP Contract (Contract No. NAS5-02148). This allowed CDW-G to offer its products through SEWP. Recently, it renewed its SEWP Contract on May 1, 2007. (Contract No. NNG07DA35B) These contracts are administered by NASA. Under the Clinger-Cohen Act other federal agencies were allowed to purchase information technology products and services through the SEWP Contract.

15. Plaintiff's employer, Insight Public Services, was an authorized selling agent for HP on the SEWP Contract. Through this arrangement, Plaintiff Brady Folliard became familiar with products being offered for sale by CDW-G on the SEWP contract, including the fact that CDW-G sells HP products on SEWP. CDW-G is an HP Business Influencer, permitted to sell HP products on the SEWP contract.

16. By the express terms of the above referenced contracts, FAR Clause 52.225-5 Trade Agreements Act applies to products and services purchased under the SEWP contracts.

17. By the express terms of the above contracts and FAR 52-225-6, Defendant CDW-G certified that it would only sell end products under these contracts to the United States Government that originate in designated countries, and that it would not sell end products to the United States Government that originate in non-designated countries, like China, India, and Malaysia.

18. Plaintiff Brady Folliard also sells products through the GSA Advantage Website. In this capacity he regularly receives and reviews a product list prepared by Hewlett Packard that indicates the country of origin of the HP products for sale on the GSA Advantage Website and on the SEWP contract. HP provides this list to vendors to assist

them in complying with the Trade Agreements Act, because it applies to sales on the GSA Advantage Website. Upon information and belief, CDW-G receives this list from HP also.

19. Recently, Plaintiff examined the HP Product list and the country of origin listed to identify those products that came from a non-designated country such as China. Plaintiff then compared the products with a Chinese origin, by HP's own admission, to the products that CDW-G was currently offering for sale through the SEWP contract.

20. This comparison showed that CDW-G is currently offering non-compliant HP products for sale on the SEWP contract that originated in China.

21. A partial list of these products, showing over 300 end-products from non-designated countries, is attached as Exhibit 1 to the complaint, which is incorporated by reference. CDW-G is selling these products to the United States Government under the SEWP Procurement Contract in violation of the Trade Agreements Act.

22. By virtue of the above, it is clear that CDW-G is knowingly selling products to the United States Government through the SEWP contract that are in violation of the Trade Agreements Act. Further auditing and analysis will uncover more products.

## COUNT I
### (Trade Agreement Act Violations)
*(False Claims Act 31 U.S.C. §3729 (a)(1) and (a)(2)*

23. Plaintiff Folliard alleges and incorporates by reference the allegations made in paragraphs 1 through 22 of this Complaint.

24. This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729-32.

25. By virtue of the acts described above, the Defendant knowingly submitted,

caused to be submitted and continue to submit and to cause to be submitted false or fraudulent claims for payment and reimbursement by the United States Government by knowingly or recklessly selling products to the United States Government that did not originate in the United States or a designated country as defined by the Trade Agreements Act.

26. By virtue of the acts described above, the Defendant knowingly made, used or caused to be made or used, and continue to make or use or cause to be made or used, false statements to obtain Federal Government payment for false or fraudulent claims because the Defendant falsely certified that all products that they sold and offered for sale to the United States Government originated in the United States or designated countries as defined by the Trade Agreements Act.

27. As set forth in the preceding paragraphs, Defendant violated 31 U.S.C. § 3729 and has thereby damaged and continues to damage the United States Government by its actions in an amount to be determined at trial.

## COUNT II
*(False Claims Act, 31 U.S.C. § 3729 (a)(3))*

28. Plaintiff Folliard realleges and incorporates by reference the allegations made in Paragraphs 1 through 27 of this Complaint.

29. This is a claim for treble damages and for forfeitures under the False Claims Act, 31 U.S.C. §§ 3729-32.

30. By virtue of the acts described above, the Defendant defrauded the United States by failing to adhere to the Trade Agreement Act clauses.

31. The United States, unaware of the falsity of the records, statements and/or claims made by the Defendant and in reliance on the accuracy thereof, paid for aforementioned false claims because the Defendant intentionally or with gross disregard for the truth sold products to the Government that did not originate in the United States or a designated country.

31. By virtue of the acts described above, the Defendant defrauded the United States.

32. By reason of these actions and payments, the United States Government has been damaged and continues to be damaged in substantial amounts. The exact amount of the damage is to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff/Relator prays for judgment against Defendant as follows:

1. That Defendant cease and desist from violating 31 U.S.C. § 3729 et seq.

2. That this Court enter judgment against the Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 31 U.S.C. § 3729 et seq.;

3. That Plaintiff/Relator be awarded the maximum amount allowed pursuant to § 3729 (d) of the False Claims Act;

4. That Plaintiff/Relator be awarded all costs and expenses of this action, including attorney's fees; and

5. That Plaintiff/Relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

ASHCRAFT & GEREL, LLP

BY: _____
H. Vincent McKnight, Jr.
D.C. Bar No. 293811
2000 L Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 783-6400

**Counsel for Plaintiff/Relator**
Plaintiff/Relator hereby demands trial by jury.

_____
H. Vincent McKnight, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint, Filed Under Seal, was sent by Federal Express, postage prepaid, this <u>6th</u> day of <u>November</u>, 2007, to:

Kenneth L. Wainstein, Esquire
United States Attorney
555 4th Street, N. W.
Washington, D.C. 20001

Peter D. Keisler, Esquire, Acting
Attorney General of the United States
U.S. Department of Justice
10th and Constitution Avenue, N. W.
Washington, D.C. 20530

_____
H. Vincent McKnight, Jr.